## AFFIDAVIT

Your affiant, Jesse R. Hooker, being duly sworn, deposes and states:

## I.    INTRODUCTION

### Identity of Affiant

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), U.S. Department of Justice, and have been so employed since February of 2001.  Currently, I am assigned to the Lexington Field Office.  Prior to my employment with ATF, I was employed as an Immigration Inspector for the United States Immigration and Naturalization Service, U.S. Department of Justice, for four years.  I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy.  My duties as an ATF special agent are to investigate violations of federal law relating to alcohol, tobacco, firearms, and explosives.

2. I have participated in many investigations involving federal crimes of violence and the unlawful possession of firearms.  In some of these investigations I have been the case agent, while in others I have acted in an uncover capacity dealing directly with the targets of the investigation.

3. In the course of my duties as a Special Agent of the ATF, I have been investigating a murder for hire scheme and the unlawful possession of firearms by Robert H. Barnett.  This affidavit relates to that investigation.

4. The information in this affidavit is based on my personal knowledge as well as information, knowledge, observations, and investigations of other federal, state, and local law enforcement officers.

5. This affidavit also contains information that was provided by cooperating individuals, hereinafter referred to as CDs. All CDs, irrespective of their sex, will be referred to below in the masculine gender.

6. This affidavit does not contain all information discovered during this investigation, rather only that believed necessary to provide a legal basis for the requested warrant.

### Requested Warrant

7. Based on the information in this Affidavit, it is requested that an arrest warrant be issued for Robert H. Barnett.

### Federal Law

8. Federal law provides that it is unlawful to travel in or causes another (including the intended victim) to travel in interstate or foreign commerce, or use or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value. *See* 18 USC § 1958.

9. Federal law prohibits the unlawful transfer or possession of a machinegun. *See* 18 USC § 922(o).

10. Federal law also provides that it is unlawful for any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. *See* 18 U.S.C. § 924(c).

## II.    INVESTIGATION

### Investigative Activity

11. On March 5, 2009, while acting in an undercover capacity, I received a phone call from Robert H. Barnett (Barnett).  At approximately 1143 hours, Barnett called my undercover cell phone from a phone number with a Las Vegas, Nevada area code.  Barnett later told me that he had utilized a calling card to call my undercover cell phone.  During the phone call, Barnett told me that he would to meet me in Mount Sterling, Kentucky.

12. On March 5, 2009, at approximately 1315 hours, Barnett met me at the Marriott Fairfield Inn in Mount Sterling, Kentucky.  During the meeting, Barnett requested that I murder an individual who resides in Huntington, West Virginia.  Barnett was shown a photograph of the intended victim, and Barnett confirmed that this person was the individual that Barnett wanted killed.  Barnett provided $5,000 in U.S. currency to me as a down payment to commit the murder.  Barnett then told me that he would later provide me with a machinegun that was equipped with a silencer to use for the murder.  Barnett also told me that he would pay me an additional $4,000 when I had completed the murder.

13. On March 5, 2009, at approximately 1915 hours, Barnett returned to the Marriott Fairfield Inn in Mount Sterling, Kentucky.  At that time, Barnett provided me with a Cobray, 9mm machinegun equipped with a silencer, a Ruger, .22 caliber pistol equipped with a silencer, and several hundred assorted rounds of .22 caliber and 9mm caliber ammunition.

14. I had previously conducted a National Firearms Act (NFA) records search to verify if Barnett had a machinegun, silencer, or any other weapon registered with ATF.  According to the ATF NFA Branch, Barnett had no items registered with ATF.

## III.    CONCLUSIONS BASED ON INVESTIGATION AND EXPERIENCE

15. Based on the information in this Affidavit, your affiant respectfully submits that there is probable cause to believe that Robert H. Barnett caused another to travel in interstate or foreign commerce, or used or caused another to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed.  Furthermore, Barnett unlawfully possessed a machinegun in furtherance of a crime of violence, all in violation of 18 U.S.C. §§ 1958, 922(o), and 924(c).

16. I state that the above information is true and correct to the best of my knowledge, and ask that the requested arrest warrant be issued.

Respectfully submitted,

Jesse R. Hooker, Special Agent
BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES (ATF)

Subscribed and sworn to before me this 9th day of March, 2009.

James B. Todd
United States Magistrate Judge
Eastern District of Kentucky