UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
AUG - 7 2009
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                           INDICTMENT NO. 09-67-S-KSF

ROBERT HERALD BARNETT

\* \* \* \* \*

THE GRAND JURY CHARGES:

### COUNT 1
### 18 U.S.C. § 1958(a)

On or about March 5, 2009, in Magoffin County, in the Eastern District of

Kentucky,

### ROBERT HERALD BARNETT

used a facility of interstate commerce, that is, a telephone, with intent that a murder be

committed in violation of the laws of the State of West Virginia as consideration for

a promise and agreement to pay things of pecuniary value, that is, $9,000 in United States

currency and a machinegun with a silencer, all in violation of 18 U.S.C. § 1958(a).

### COUNT 2
### 18 U.S.C. § 1958(a)

On or about March 5, 2009, in Montgomery County, in the Eastern District of

Kentucky,

**ROBERT HERALD BARNETT**

caused another to travel in interstate commerce, that is, from Kentucky to West Virginia, with intent that a murder be committed in violation of the laws of the State of West Virginia as consideration for the receipt of things of pecuniary value, that is, $5,000 in United States currency and a machinegun with a silencer, and as consideration for a promise and agreement to pay a thing of pecuniary value, that is, an additional $4,000 in United States currency, all in violation of 18 U.S.C. § 1958(a).

## COUNT 3
## 18 U.S.C. § 924(h)

On or about March 5, 2009, in Montgomery County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT**

knowingly transferred firearms, that is, a Cobray, model PM-11, 9mm caliber machinegun, a black firearm silencer designed to attach to the machinegun, a Ruger, model Mark II, .22 caliber pistol, and a silver firearm silencer attached to the pistol, knowing that such firearms would be used to commit the crimes of violence set out in Counts 1 and 2, all in violation of 18 U.S.C. § 924(h).

## COUNT 4
## 18 U.S.C. § 924(c)(1)

On or about March 5, 2009, in Montgomery County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT,**

during and in relation to the crimes of violence set out in Counts 1 and 2 for which he may be prosecuted in a court of the United States, used and carried firearms, that is, a Cobray, model PM-11, 9mm caliber machinegun, a black firearm silencer designed to attach to the machinegun, a Ruger, model Mark II, .22 caliber pistol, and a silver firearm silencer attached to the pistol, all in violation of 18 U.S.C. § 924(c)(1).

## COUNT 5
## 18 U.S.C. § 922(o)(1)

On or about March 5, 2009, in Montgomery County, in the Eastern District of Kentucky,

### ROBERT HERALD BARNETT

knowingly and unlawfully possessed a machinegun, that is, a Cobray, model PM-11, 9mm caliber machinegun, all in violation of 18 U.S.C. § 922(o)(1).

## COUNT 6
## 18 U.S.C. § 922(k)

On or about March 5, 2009, in Montgomery County, in the Eastern District of Kentucky,

### ROBERT HERALD BARNETT

knowingly possessed a firearm, that is, a Cobray, model PM-11, 9mm caliber machinegun, having a removed, obliterated, and altered manufacturer's serial number, and having previously been shipped and transported in interstate commerce, all in violation of 18 U.S.C. § 922(k).

## COUNT 7
## 26 U.S.C. § 5861(d)

On or about March 5, 2009, in Montgomery County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT**

knowingly possessed a firearm, that is, a black firearm silencer, which was not registered to him in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. § 5861(d).

## COUNT 8
## 26 U.S.C. § 5861(d)

On or about March 5, 2009, in Montgomery County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT**

knowingly possessed a firearm, that is, a silver firearm silencer, which was not registered to him in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. § 5861(d).

## COUNT 9
## 18 U.S.C. § 373

On or about March 6, 2009, and continuing through on or about March 25, 2009, in Fayette County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT,**

with intent that another person engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of

the United States, and under circumstances strongly corroborative of that intent, solicited, induced, and endeavored to persuade such other person to engage in such conduct, that is, to kill an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, an employee of the United States, while such employee was engaged in and on account of the performance of official duties, a violation of 18 U.S.C. § 1114, all in violation of 18 U.S.C. § 373.

## COUNT 10
## 18 U.S.C. § 373

On or about March 6, 2009, and continuing through on or about March 25, 2009, in Fayette County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT,**

with intent that another person engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicited, induced, and endeavored to persuade such other person to engage in such conduct, that is, to kill another person, with intent to prevent the attendance and testimony of the person in an official proceeding, that is, the trial of Counts 1 through 8, a violation of 18 U.S.C. § 1512(a)(1)(A), all in violation of 18 U.S.C. § 373.

## COUNT 11
## 18 U.S.C. § 373

On or about April 20, 2009, and continuing through on or about May 18, 2009, in Fayette County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT,**

with intent that another person engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicited, induced, and endeavored to persuade such other person to engage in such conduct, that is, to kill an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, an employee of the United States, while such employee was engaged in and on account of the performance of official duties, a violation of 18 U.S.C. § 1114, all in violation of 18 U.S.C. § 373.

## COUNT 12
## 18 U.S.C. § 373

On or about April 20, 2009, and continuing through on or about May 18, 2009, in Fayette County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT,**

with intent that another person engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicited, induced, and endeavored to persuade such other person to engage in such conduct, that is, to kill another person, with intent to prevent the attendance and testimony of the person in an official proceeding, that is, the trial of Counts 1 through 8, a violation of 18 U.S.C. § 1512(a)(1)(A), all in violation of 18 U.S.C. § 373.

## COUNT 13
## 18 U.S.C. § 1512(b)(1)

On or about April 20, 2009, and continuing through on or about May 18, 2009, in Fayette County, in the Eastern District of Kentucky,

**ROBERT HERALD BARNETT**

knowingly and corruptly persuaded another person, and attempted to do so, with intent to influence the testimony of the person in an official proceeding, that is, the trial of Counts 1 through 8, all in violation of 18 U.S.C. § 1512(b)(1).

A TRUE BILL

*[signature]*
**FOREPERSON**

*[signature]*
JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1, 2, 3, 5, 7 & 8:**   Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 4:**   Not less than 30 years imprisonment to run consecutively to any other term of imprisonment imposed, not more than $250,000 fine, and not more than 5 years supervised release

**COUNT 6:**   Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNTS 9, 10, 11 & 12:**   Not more than 20 years imprisonment, $125,000 fine, and 3 years supervised release.

**COUNT 13:**   Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:**   Mandatory special assessment of $100 per count.

**PLUS:**   Restitution, if applicable.