**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 29, 2012

Mr. Robert Herald Barnett
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

Mr. Paul Croushore
Law Office
P.O. Box 75170
Cincinnati, OH 45275-0000

Mr. John Patrick Grant
Mr. Charles P. Wisdom Jr.
U.S. Attorney's Office
260 W. Vine Street
Suite 300
Lexington, KY 40507

Re:  Case No. 10-6268, *USA v. Robert Barnett*
     Originating Case No. : 5:09-CR-67-1

Dear Sirs,

   The Court issued the enclosed Order today in this case.

                                        Sincerely yours,

                                        s/Julie Brock
                                        Case Manager
                                        Direct Dial No. 513-564-7011

cc:  Mr. Robert R. Carr

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 10-6268

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Jun 29, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ROBERT HERALD BARNETT, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |

<u>O R D E R</u>

Before: KEITH, COLE, and STRANCH, Circuit Judges.

Robert Herald Barnett, a federal prisoner proceeding with the benefit of counsel, appeals his convictions and sentences. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

A jury found Barnett guilty of the following offenses: (1) use of an interstate communication device in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958(a); (2) causing another to travel in interstate commerce in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958(a); (3) transfer of a firearm for use in a violent crime, in violation of 18 U.S.C. § 924(h); (4) using and carrying a machine gun during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1); (5) unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1); (6) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); (7) possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d); and (8) obstruction of justice by corruptly influencing the testimony of another, in violation of 18 U.S.C. § 1512(b)(1). The district court sentenced Barnett to an aggregate 480-month term of imprisonment, to be followed by three years of supervised release.

No. 10-6268
- 2 -

On appeal, Barnett contends that (1) the district court should have granted his motion for acquittal and that insufficient evidence supports his convictions on offenses enumerated one through four above, and (2) the district court violated his rights under Federal Rule of Criminal Procedure 32. The Government contends that sufficient evidence supports Barnett's convictions, and that Barnett cannot show that any violation of Rule 32 affected his substantial rights.

Barnett does not challenge his convictions and sentences for offenses enumerated five through eight above. Issues raised in the district court but not on appeal are considered abandoned and not reviewable. *United States v. McClellan*, 30 F. App'x 340, 342 (6th Cir. 2002) (citing *Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996)). The substantive issue on appeal is whether there existed sufficient evidence of Barnett's intent to have a man named Bill Polan murdered. The issue of Barnett's intent pertains to offenses enumerated one and two. Barnett challenges his convictions enumerated three and four above, to the extent that these crimes required a conviction of one of the murder-for-hire charges.

Barnett contends that the evidence is insufficient to support a conviction under the federal murder-for-hire statute. The standard of review of this question is whether, considering the evidence presented in the light most favorable to the Government, including all reasonable inferences that can be drawn therefrom, any rational trier of fact could have found that all elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Damra*, 621 F.3d 474, 494 (6th Cir. 2010). Barnett bears "a very heavy burden" on appeal, *United States v. Ross*, 502 F.3d 521, 529 (6th Cir. 2007) (citation omitted), especially because "it is not necessary for [the court] to exclude every reasonable hypothesis but guilt." *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997).

To sustain a conviction for murder-for-hire under 18 U.S.C. § 1958(a), the government had to prove beyond a reasonable doubt that Barnett (1) caused a person to use any facility of interstate commerce, (2) with the intent that a murder be committed, in violation of the state laws, and (3) that the murder was to be committed as consideration for the promise or agreement to pay anything of pecuniary value. 18 U.S.C. § 1958(a); *United States v. Acierno*, 579 F.3d 694, 699 (6th Cir. 2009).

The jury heard tesitimony that Barnett, a Kentucky resident, asked his friend (John Pennington) to contact a "hit man" from Reno, Nevada. That hit man turned out to be a special agent of the Bureau of Alcohol, Tobacco and Firearms (Jesse Hooker). Barnett wanted the hit man to find a West Virginia resident named Bill Polan and remove his eyes, thumbs, and testicles. During the course of planning, Barnett contacted Hooker via a cellular telephone. During face-to-face meetings, a price was agreed upon.

Barnett primarily contends that insufficient evidence supports the jury's finding that he intended to have Polan killed. The surreptitiously recorded conversations of the parties reveal that Barnett, indeed, said at least once that he did not want Polan killed; rather, he just wanted his eyes, thumbs, and testicles removed. But the court views "all evidence in the light most favorable to the prosecution." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). Here Hooker told Barnett that taking the body parts in question would probably kill Polan. After that, Barnett expressed sufficient intent to support his conviction. Barnett told Hooker where and how to shoot Polan. Barnett provided a machine gun and a semi-automatic pistol—each equipped with a silencer—as well as ammunition that Barnett said would "just about go through a side of his head and go plumb through his brain." When Hooker asked Barnett whether he wanted pictures as proof of Polan's death, Barnett responded, "No, you just leave him laying." Barnett even instructed his would-be hit man that if Polan's son happened to be with him at the time, that the son should be killed as well. Thus, considering the evidence presented in the light most favorable to the Government, the jury could have found that Barnett's intent to have Polan murdered was established beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.

To the extent that Barnett contends that the Government failed to present proof of the definition of murder under West Virginia law, his contention is not well-taken. While a state law may be a component of a federal criminal law, that component is different from a fact which must be proven. *United States v. Wynn*, 987 F.2d 354, 358 (6th Cir. 1993), Rather, the state law component is a legal element that the district court explains in the jury instructions. *Id*.

To the extent that Barnett challenges the Government's proof on the "travel prong" of the second enumerated offense, his challenge is also not well-taken. Barnett contends that he did not "cause[] anyone to travel in interstate commerce" because Hooker did not intend to travel to West Virginia to murder Polan. "The federal murder-for-hire statute criminalizes those who *induce* others to travel in interstate commerce to commit murder, rather than actually 'cause' others to commit an illegal act." *United States v. Degan*, 229 F.3d 553, 558 (6th Cir. 2000). Barnett hired Hooker in Kentucky to murder Polan, who was living in West Virginia. It is irrelevant that the ATF special agent pretending to be a hit man had no real intention to travel to West Virginia to murder Polan. *See id.* at 557-58. Considering the evidence presented in the light most favorable to the Government, the jury could have found that Barnett's intent to have the hit man travel in interstate commerce to murder Polan was established beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.

Barnett next contends that the district court violated his rights under Federal Rule of Criminal Procedure 32(e)(2). The Rule provides that the defendant or defendant's counsel must receive the presentence report at least thirty-five days before sentencing, unless the defendant waives the minimum period. Fed. R. Crim. P. 32(e)(2). Barnett's sentencing was conducted thirty-three days after he received the presentence report, and he contends that in light of this violation, he should be resentenced. Because Barnett did not object at sentencing, however, this court reviews this issue for plain error that affected his substantial rights. *See United States v. Vonn*, 535 U.S. 55, 58 (2002).

Barnett has not shown that the failure to provide him with the presentence report thirty-five days or more prior to sentencing affected a substantial right warranting correction under a "plain error" analysis. *See* Fed. R. Crim. P. 52(b); *United States v. Cotton*, 535 U.S. 625, 631-32 (2002) (noting that the defendant must argue that the error affected the outcome of the case). And any claim that the district court failed to verify that Barnett and his counsel had read and discussed the presentence report, as required by Federal Rule of Criminal Procedure 32(i)(1)(A), is clearly belied by the record. *See United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002) (holding that no specific form of inquiry is required; instead, "the court need only *somehow* determine that defendant

No. 10-6268
- 5 -

and counsel have had an opportunity to read and discuss the presentence report" (citation and alteration omitted)).

Accordingly, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

Clerk