UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 09-CR-67-JMH-HAI |
| v. | ) | |
| | ) | (Civil Action No. |
| ROBERT HERALD BARNETT | ) | 13-7315-JMH-HAI) |
| | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant Robert Herald Barnett's Motion "to set aside forfeiture" [DE 116], which the Court construes as a motion to return property because the items that he seeks were not forfeited to the United States. *Compare* 18 U.S.C. § 983(e) (providing that person who fails to receive notice may move to set aside forfeiture), with Fed. R. Crim. P. 41(g) (providing that person aggrieved by unlawful search or by deprivation of property may move for property's return). The United States has responded [DE 124], arguing the motion, construed as one for return of property, should be granted as to the seized items in the possession of IRS-CID but denied as to coins and currency and as to the items that ATF destroyed. Having carefully considered the matter, the Court agrees.

"A court confronted with a Rule 41(e) [now Rule 41(g)] motion for the return of property filed after the close of criminal proceedings is to treat the request as a civil action in equity."

*United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (citing *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990)); *see Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012) (noting that Rule 41(e) was redesignated Rule 41(g) in 2002 without substantive change). A district court must "properly balance[] the competing equities in deciding whether return [is] in order." *Duncan*, 918 F.2d at 654 (citations omitted).

The United States seized Barnett's property on March 6, 2009, pursuant to three search warrants. [Declaration of Jeffrey M. Sagrecy at ¶¶ 2-3.] The Internal Revenue Service Criminal Investigation Division (IRS-CID) remains in possession of several of the seized items, and IRS-CID is prepared to return these items to a person designated by Barnett. [*Id.* at ¶¶ 4-6.]

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) took possession of the remaining items seized pursuant to the search warrants. Forfeiture proceedings were not initiated as to these items. [Declaration of Ryan Caudill at ¶ 2.] ATF converted into a cashier's check the United States currency seized from Barnett at the time of his arrest and other currency, and ATF delivered the check to an IRS revenue officer pursuant to a notice of levy. [*Id.* at ¶ 3.] ATF destroyed the remaining seized items that it possessed, including a firearm seized from a Chevrolet pickup truck and other items with minimal value. [*Id.* at ¶¶ 4-6.]

**A.  Silver Dollar Coins**

Barnett offers no support for his assertion that that the United States seized "399 silver dollar coins" from his house. [DE 116, Motion at 1-2.] Rather, there is evidence that the United States did not seize any coins. [Declaration of Jeffrey M. Sagrecy at ¶ 7.]

**B.  Firearm**

Barnett had no basis to seek the return of the seized firearm that ATF destroyed or to designate his wife to receive the firearm. [*See* DE 116, Motion at 3 (requesting release of firearm to his wife).] ATF destroyed the firearm because Barnett is a convicted felon and therefore cannot legally possess a firearm. [Declaration of Ryan Caudill at ¶ 5.] See 18 U.S.C. § 922(g)(1) (prohibiting possession of firearms by felons). Moreover, as a convicted felon who is prohibited from actual and constructive possession of a firearm, he "could not seek return of the firearm[] . . . nor could he request that [it] be transferred to a third-party for him." *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002). To the extent that Barnett may claim that another person had an ownership interest in the destroyed firearm, he lacks standing to raise a claim on behalf of such a person. *See id*. (holding that defendant lacked standing to move for return of firearm on behalf of his father).

C. **Items from Tony's Machine Shop**

IRS-CID will return to a designated person seized items in its possession that were seized from Tony's Machine Shop. [Declaration of Jeffrey M. Sagrecy at ¶¶ 3(b), 4(b) & 6; see DE 116, Motion at 3 (requesting "all items seized at my son's shop").] The few items from Tony's Machine Shop that ATF destroyed had only minimal value. [Declaration of Ryan Caudill at ¶¶ 4 & 6.] "ATF regularly destroys items with minimal value after a case has been adjudicated." [*Id.* at ¶ 6.] "The government cannot return property it does not possess, and a motion for the return of property must be denied if the government does not possess the property." 3A Charles Alan Wright et al., Federal Practice and Procedure § 690 (4th ed. 2013).

D. **Currency**

Lastly, Barnett is not entitled to the return of the seized currency. [*See* DE 116, Motion at 3 (requesting seized cash).] The Internal Revenue Service (IRS) issued a notice of levy to ATF. [Declaration of Ryan Caudill at ¶ 3.] Therefore, ATF was required to deliver the seized funds to the IRS. *See United States v. MPM Financial Group, Inc.*, 215 F. App'x 476, 478 (6th Cir. 2007) (explaining that 26 U.S.C. § 6332 provides that person possessing property subject to levy must surrender property to IRS).

Accordingly, **IT IS ORDERED:**

(1) That Barnett's Motion to Set Aside Forfeiture [DE 116], construed as a motion to return property, is **GRANTED IN**

**PART** and **DENIED IN PART** as set forth above;

(2) That the items seized and in the possession of IRS-CID shall be returned to Defendant

This the 11th day of April, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge