```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>    Plaintiff-Respondent,    )<br>                             )    Criminal Case No.<br>v.                           )    5:09-CR-67-JMH-HAI<br>                             )<br>ROBERT H. BARNETT,           )<br>                             )   **MEMORANDUM OPINION & ORDER**<br>    Defendant-Petitioner.    )<br>                             )  | |

                                  ***

This matter is before the Court in light of the Magistrate Judge's Recommended Disposition [DE 148] of Defendant-Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 98] and "Motion for Evidentiary Hearing to Create a Record to Properly Reply to the Government's Response to Movant's § 2255 Motion Which Fails to Provide Any Response as to Conversations That Took Place with Both Lawyers Off the Record, and Movant Needs a Record to Properly Reply/Rely Upon to Prove His Allegations . . ." [DE 140], as well as Defendant-Petitioner's "Motion Seeking Sixty-Day Enlargement of Time in Which to Submit Meritorious Objections to the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram Issued on February 3, 2015 and Received by Petitioner Barnett at Institutional Mail Call on February 6, 2015" [DE 149.]

The Court considers, first, the need for an evidentiary hearing in this matter.  The Magistrate Judge recommends that the Court resolve this issue without conducting an evidentiary hearing as to all grounds of relief claimed in Barnett's Petition.  With respect to Ground 1 of Barnett's Petition, he claims that his counsel acted ineffectively because he counseled Barnett not to enter into a plea agreement and guaranteed a victory at trial, stating that Defendant could not be convicted on any of the charges as a matter of law.  The Magistrate Judge urges the Court to conclude that Defendant's claims on this ground in his Petition "are inherently incredible" in light of the substantial evidence introduced by the United States, including "multiple recordings, made on different occasions, showing Defendant indicating his desire for the crimes to be committed [and evidence that] Defendant physically conveyed the guns, silencers, ammunition, and money to the ATF agent, and was arrested with the final payment at the meeting spot."  [DE 148 at 9.]  The Magistrate Judge also cites the experience and reputation of Barnett's counsel, Brent Caldwell, as an additional reason to conclude that these claims of ineffective assistance of counsel are incredible.  The claims may be incredible or they may not be.  But that is to be decided after an evidentiary hearing where the credibility of the witnesses,

Movant and Attorney Caldwell, can be adjudged as to their respective accounts.

The Court is guided by the recent decision of the United States Court of Appeals for the Sixth Circuit in *Pola v. United States*, No. 14-5214, --- F.3d ----, 2015 WL 690312 (6th Cir. Feb. 19, 2015).

> If a habeas petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (internal quotation marks omitted). The evidentiary hearing is mandatory unless "the record conclusively shows that the petitioner is entitled to no relief." *Arredondo* [*v. United States*], 178 F.3d [778,] 782 [(6th Cir. 1999)]. "But when a defendant presents an affidavit containing 'a factual narrative of the events that is neither contradicted by the record nor inherently incredible' and the government offers nothing more than 'contrary representations' to contradict it, the defendant is entitled to an evidentiary hearing." *Huff*, 734 F.3d at 607 (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007)).

*Pola*, 2015 WL 690312 at *6. In *Pola*, the petitioner affied that he had requested that his attorney file a notice of appeal. Petitioner's trial counsel affied that he "ha[d] no recollection of and [did] not believe that Mr. Pola ever advised [him] or instructed [him] to file a Notice of Appeal" from his criminal conviction and sentence. *Id.* at 7. Ultimately, the Court of

Appeals determined that the district court abused its discretion when failed to convene an evidentiary hearing because petitioner's affidavit and counsel's affidavit set forth material factual disagreement which could be resolved at evidentiary hearing by testing and evaluating "conflicting memories and credibility of the two affiants". *Id*. at *7-8.

In this matter, Barnett has made statements in his various pleadings under penalty of perjury concerning what his counsel told him and how he advised him. The Court considers, for example, Barnett's statement that his counsel advised him and his family early in the matter that Barnett would "do a little time, but not forever, about ten years if found guilty" [DE 140 at 4, Page ID# 1379] and that, among other things, counsel advised him just before trial, around June 5 or 6, 2010, that he was "only facing 10 years tops in federal prison; as these charges are just over charged to scare you so that you will 'just pled guilty,' but after reviewing the evidence and your statements, I'm convinced that the jury will not find you guilty on Murder for Hire, as you [Never] stated . . . 'you want anyone killed,' this has to be proven." [*Id*. at 5-6; Page ID# 1380-81.]

These statements are in direct contradiction to those statements contained in Attorney Caldwell's affidavit, which states that he "continually advised the Movant that the

government had an extremely strong case against him which would likely result in his conviction and a long prison sentence." [DE 106 at 1, ¶5; Page ID#: 935.] Caldwell also states that "he did not advise Movant to reject any plea deal nor did [he] ever state to the Movant that he would guarantee he would be acquitted on all counts at a trial" and discussed with him "on multiple occasions . . . the possibility of entering a plea of guilty to some of the charges." [*Id*. at 2, ¶¶ 7, 9; Page ID# 936.]

The Court is not, however, persuaded at this time that an evidentiary hearing is necessary with respect to the other grounds set forth in Barnett's Petition.

Further, the Court anticipates that it will take some time for the Magistrate Judge to schedule the evidentiary hearing and for arrangements to be made for Petitioner to be transported to the location of that hearing, although the Court directs that the Magistrate Judge conduct that hearing as soon as reasonably feasible, and for the Magistrate Judge to prepare a further Recommended Disposition in light of that hearing. In light of this development, the Court is inclined to grant Defendant's motion for an extension of time to file his objections to the February 3, 2015, Recommended Disposition but concludes that that the fact that this matter is now extended to permit the evidentiary hearing on Ground 1 will provide him with ample

opportunity to prepare his objections to the recommended disposition of his other grounds for relief announced in that recommendation [DE 148]. As such, it is not necessary to provide a particular sixty day window in which to respond. Rather, Barnett shall be given leave to file all objections to the Recommended Disposition of the various grounds for relief in his Petition within fourteen days of the Magistrate Judge's announcement of his Recommended Disposition of Ground 1 in light of the evidentiary hearing.

Accordingly**, IT IS ORDERED**:

(1) That the Magistrate Judge's Recommended Disposition of [DE 148] is **REJECTED IN PART** with respect to the Motion for Evidentiary Hearing [DE 140], as set forth above.

(2) That this matter is referred to the Magistrate Judge to conduct an evidentiary hearing and issue a further Recommended Disposition with respect to Ground 1 of Defendant-Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the Petition [DE 98].

(3) That Defendant-Petitioner's "Motion Seeking Sixty-Day Enlargement of Time in Which to Submit Meritorious Objections to the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram Issued on February 3, 2015 and Received by

Petitioner Barnett at Institutional Mail Call on February 6, 2015" [DE 149] is **GRANTED IN PART** and **DENIED IN PART**.

(4) That Defendant-Petitioner shall file any objections to the February 3, 2015 Recommended Disposition [DE 148] within fourteen (14) days of the Magistrate Judge's entry of an additional Recommended Disposition as to Ground 1 of Barnett's Petition. Defendant-Petitioner shall make any objections to any additional Recommended Disposition entered by the Magistrate Judge at that time, as well. No further extensions of time shall be granted except for well-documented and truly exceptional circumstances. Defendant-Petitioner should <u>not</u> anticipate that further relief in the form of additional time to file objections will be provided and should plan to make his objections in a timely fashion in keeping with this order.

(5) That all other issues addressed in the Magistrate Judge's Recommended Disposition [DE 148] of Defendant-Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the Petition [DE 98], itself, remain pending at this time.

This the 3rd day of March, 2015.



Signed By:
<u>Joseph M. Hood</u>
Senior U.S. District Judge