```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

UNITED STATES OF AMERICA,      )
                               )         Criminal Case No.
     Plaintiff-Respondent,     )         5:09-CR-67-JMH-HAI
                               )
v.                             )         Civil Case No.
                               )         5:13-cv-07315-JMH-HAI
ROBERT H. BARNETT,             )
                               )
     Defendant-Petitioner.     )         MEMORANDUM OPINION & ORDER
                               )
```

                                    ***

This matter is before the Court in light of the Magistrate Judge's Recommended Disposition [DE 148] and Supplemental Recommended Disposition [DE 164] of Defendant-Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 98], as well as Defendant-Petitioner's "Motion Seeking Enlargement of Time in Which to File a Meritorious Traverse Brief Outlining Specific Objections to United States Magistrate Judge Hanly A. Ingram's Supplemental Recommended Disposition With Respect to Movant's 28 U.S.C. § 2255 Issued on 09/01/15." [DE 165.]

**I.**

As an initial matter, the Court declines to grant Petitioner an extension of time. Plaintiff's status of a prisoner and his vague and general assertions concerning lack of access to the law library due to "inclement weather such as fog,

staff training, holiday(s), [and] inmate disturbances" which limit access to the prison's law library beyond its generally limited hours of operation is not enough to warrant an extension absent some specific obstacle which actually impacted Plaintiff's ability to respond in a timely fashion. This motion will be denied.

## II.

Next, the Court considers the Recommended Disposition [DE 148] and Supplemental Recommended Disposition [DE 164] in which Magistrate Judge Hanly A. Ingram recommends that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 16, 2014, be denied because (1) no credible evidence supports Barnett's claim of ineffective assistance of counsel during plea negotiations during his criminal case [DE 164 at 11, Page ID# 1636]; (2) because Barnett cannot establish either that counsel's alleged failures amounted to constitutionally deficient performance because the objections and arguments that he supposes that counsel should have made are, in fact, meritless or futile and because Barnett failed to establish the prejudice prong of *Strickland* with respect to his remaining claims of ineffective assistance of trial counsel during the pre-trial and trial periods and appellate counsel on appeal [DE 164 at 12-22 and 23-28, PageID# 1505-15 and 1516-21]; and (3) because the record does not support his argument that

the district judge usurped the power of the jury as factfinder by finding that one of the firearms was a machinegun [DE 164 at 22-23, PageID# 1515-16].

Generally, a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently and in the absence of any objections from Defendant Barnett, this Court adopts the well-articulated and detailed reasoning set forth in the Recommended Disposition as to Barnett's Motion as its own.

### III.

Finally, the Magistrate Judge recommends that no certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is

the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Again, in the absence of objections from Plaintiff but also having carefully considered the matter, the undersigned adopts the Recommended Disposition on this issue, as well, and concludes that no certificate should issue as Barnett cannot make a substantial showing of the denial of a constitutional right.

Accordingly**, IT IS ORDERED**:

(1) that Defendant's "Motion Seeking Enlargement of Time in Which to File a Meritorious Traverse Brief Outlining Specific Objections to United States Magistrate Judge Hanly A. Ingram's Supplemental Recommended Disposition With Respect to Movant's 28 U.S.C. § 2255 Issued on 09/01/15" [DE 165] is **DENIED**;

(2) that the Magistrate Judge's Recommended Disposition [DE 148] is **ACCEPTED AND ADOPTED IN PART** and **REJECTED IN PART,** as previously noted in this Court's Memorandum Opinion and Order of March 3, 2015 [DE 151];

(3) that the Magistrate Judge's and Supplemental Recommended Disposition [DE 164] **ACCEPTED AND ADOPTED**; and

(4) that Defendant-Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 98] is **DENIED**.

This the 2nd day of October, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

Case: 5:09-cr-00067-JMH-EBA   Doc #: 166   Filed: 10/02/15   Page: 5 of 5 - Page ID#: 1648