UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO: 5:9-cr-67-JMH-EBA-1
(Related Civil Nos. 5:16-cv-0224-JMH-EBA
and 5:13-cv-7315-JMH-HAI)

UNITED STATES OF AMERICA,                                                          PLAINTIFF,

v.                           **MAGISTRATE JUDGE'S
                              REPORT AND RECOMMENDATION**

ROBERT HERALD BARNETT,                                                             DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Defendant Robert Herald Barnett previously filed a § 2255 petition on October 8, 2013, [R. 98], and the petition was denied on October 2, 2015. [Rs. 166, 167]. This matter is now before the undersigned on Defendant's Second Motion to Vacate under 28 U.S.C. § 2255. [R. 176]. Upon review of the record and Defendant's underlying claims, the Court recommends that this matter be transferred to the Court of Appeals for the Sixth Circuit.

The defendant in this case originally filed a § 2255 motion in the Eastern District of Kentucky on October 8, 2013. [R. 98]. The Magistrate Judge recommended that the petition be denied, [R. 164], and the District Judge adopted that recommendation on October 2, 2015. [R. 166]. Defendant appealed, but his appeal was dismissed for want of prosecution. [R. 174]. Defendant did not originally seek leave to file this second-in-time, successive petition, but nevertheless filed a Second Motion to Vacate under § 2255 in district court. [R. 176].

Under 28 U.S.C. § 2244(b)(3)(A), before a district court can consider a second or successive habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. In reviewing this portion of AEDPA, the Supreme Court noted:

> [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b).

Felker v. Turpin, 518 U.S. 651, 664 (1996). The Supreme Court has held that, "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge," and because he did not do so, "the District Court was without jurisdiction to entertain it." Burton v. Stewart, 549 U.S. 147, 153 (2007). In short, the screening function for successive petitions has been statutorily vested in the court of appeals, thus depriving this court of jurisdiction to hear a defendant's successive petition. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

However, a second-in-time § 2255 petition is not always considered "successive" for purposes of the AEDPA's limitations. See, e.g., Villanueva v. U.S., 346 F.3d 55 (2d Cir. 2003) (a § 2255 petition is not "second or successive" unless a prior § 2255 petition was adjudicated on the merits, although dismissal of a § 2255 petition as time-barred does constitute an adjudication on the merits for purposes of defining subsequent petitions as "second or successive"); U.S. v. Pena, 233 F.3d 170, 175 (2d Cir. 2000) (where court of appeals vacated district court's dismissal of prisoner's § 2255 motion which asserted ineffective assistance due to counsel's failure to file direct appeal, the prisoner's next § 2255 motion, if he chose to file one, would not be "second or successive"); In re Taylor, 171 F.3d 185 (4th Cir. 1999) (§ 2255 motion was not "second or successive" where the petitioner sought only to raise new issues that originated during the resentencing hearing which resulted from his previously successful § 2255 motion). Where this Court lacks jurisdiction to consider Defendant's second-in-time, successive § 2255 petition, the Court must determine whether it is truly "successive" under the AEDPA.

Defendant's present § 2255 petition specifically seeks review of his judgment and

sentence in light of the U.S. Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).  See generally [R. 176-1].  In Johnson, an opinion issued in June 2015, the Supreme Court ruled that the "residual clause" of the Armed Career Criminal Act ("ACCA") was void for vagueness and unconstitutional.  Johnson, 135 S. Ct. at 2551.  Generally speaking, the ACCA provides a statutory basis for enhancing a defendant's sentence when the defendant is convicted of being a felon in possession of a firearm and is an "armed career criminal," i.e. he or she has committed at least three prior serious drug offenses or violent felonies.  The United States Sentencing Guidelines ("USSG") § 4B1.1 – a similar "career"-type sentencing enhancement – also contains a "residual clause" identical to the one invalidated by the Supreme Court in Johnson, and due to the groundwork laid by Johnson, the USSG's residual clause has since been struck down by the Sixth Circuit.  See United States v. Pawlak, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016).  This Court notes that the U.S. Supreme Court is currently reviewing whether the Johnson rule should be properly extended retroactively to collateral cases challenging sentences enhanced under the USSG residual clause.  See Beckles v. United States, 2016 WL 1029080, *1 (June 27, 2016).

     Accordingly, any § 2255 petition which raises a valid, meritorious Johnson claim would not qualify as "second or successive" – even if the prisoner had previously filed a § 2255 petition – because a valid Johnson claim would necessarily rely on "a new rule of constitutional law . . . that was previously unavailable," 28 U.S.C. § 2254(e)(2)(A)(i), since Johnson's rule was only recently created in 2015.  However, a truly valid Johnson claim – a claim that a defendant's sentence was actually enhanced under the specific language of the Armed Career Criminal Act's "residual clause" – is quite a narrow standard to meet.  Inversely, an invalid claim disguised as a Johnson claim is not truly based upon a "new rule of constitutional law," meaning it would be barred under the AEDPA where it could have been raised at any point in time prior to Johnson.

Barnett's second-in-time § 2255 petition does not fit within Johnson's narrow window for relief. Barnett's second-in-time § 2255 petition argues that his "predicate offense(s) fall under the residual clause . . . declared unconstitutional by Johnson," [R. 176 at 6], but Barnett is unclear as to whether he believes he was enhanced under the residual clause of the ACCA or the USSG. His claim that his "conviction and sentence under 18 U.S.C. § 924(c)(1) violate due process of law," [R. 176 at 4], seems to indicate Barnett's belief that his sentence was enhanced under the ACCA, by virtue of his reference to § 924.

Ultimately, though, the point is moot because Barnett never received a sentence enhancement as an armed career criminal under the ACCA, nor any enhancement as a career offender under the USSG. Based upon his Presentence Investigation Report, Defendant had no adult criminal convictions prior to the underlying charge, he was never convicted under the ACCA, and he received no USSG Chapter Four enhancements whatsoever. [R. 170 at 12–13]. Where Barnett received no sentence enhancements as a career offender or armed career criminal, the respective residual clauses of the USSG and ACCA are clearly not implicated, and Johnson therefore does not apply. Defendant fails to present a valid Johnson-based claim, and thereby has failed to present any claim that could otherwise not have been brought prior to Johnson. Therefore, the petition is truly successive, and this Court lacks jurisdiction to consider it.

Barnett's second-in-time petition is successive, but he has not yet been granted authorization to file such a successive petition in the district court under § 2244(b)(3)(A). However, Barnett did recently file a Motion to Stay Proceedings, [R. 178], explaining that his second § 2255 petition filed in this court should be stayed, due to the fact he has also sought leave from the Sixth Circuit Court of Appeals to file a second § 2255, and awaits their decision. [Id.]. The undersigned will deny his motion to stay proceedings as moot; Defendant does not actually need the Court to stay or otherwise hold his petition in abeyance, since the Sixth Circuit

has held that the statute of limitations under § 2255(f) is "tolled while the motion for permission [to file a second or successive petition] is before [the Sixth Circuit.]" In re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Accordingly, and being otherwise sufficiently advised,

The undersigned herein **ORDERS** that Defendant's Motion to Stay Proceedings, [R. 178], shall be **DENIED AS MOOT**, and further **RECOMMENDS** that this matter be **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 1631, for a determination of whether Defendant Robert Herald Barnett should be granted authorization to file a second or successive petition.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed July 26, 2016.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge