# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CRIMINAL ACTION NO. 09-67-JMH**                     *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

V.         **RESPONSE OF UNITED STATES IN OPPOSITION
TO BARNETT'S PETITION FOR WRIT OF AUDITA QUERELA**

**ROBERT HERALD BARNETT**                                             **DEFENDANT**

\* \* \* \* \*

The Court should deny the petition of the Defendant, Robert Herald Barnett, for a writ of audita querela because his petition should be considered a successive habeas petition and because Barnett has not received authorization from the Sixth Circuit Court of Appeals to file such a petition. Regardless, this Court has already rejected Barnett's arguments, and, therefore, he cannot relitigate his claims.

A defendant's filing that challenges his conviction is a motion under 28 U.S.C. § 2255 "no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (noting that "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita

querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857. Barnett challenges his conviction by arguing that his trial counsel was ineffective for failing to assert an entrapment defense and to seek an entrapment instruction. [*See* R. 187: Motion at 20-45.] He also alleges a violation of his Sixth Amendment right to counsel because agents placed devices on two inmates to record his conversations. [*See id.* at 45-52.] Thus, his petition for a writ of audita querela must be construed as a § 2255 motion.

Barnett has previously filed two habeas petitions. [*See* R. 98: Motion to Vacate; R. 176: Second Motion to Vacate.] "[A] federal prisoner cannot file a second or successive § 2255 motion to vacate in the district court unless the prisoner first obtains permission to do so from the court of appeals." *Charles*, 180 F.3d at 758. Therefore, this Court must transfer Barnett's current petition to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that district court must transfer successive habeas petition filed without authorization to appeals court).

Regardless, Barnett cannot obtain relief because this Court has already rejected his claims when denying his original § 2255 motion. *See Charles*, 180 F.3d at 758 (holding that petitioner "is not entitled to file a successive § 2255 motion to vacate because he seeks permission to file the same claims that have already been denied on the merits"). [*See* R. 148: Recommended Disposition at 15-18, 25-27 (rejecting Sixth Amendment claim regarding his recorded conversations with inmates and his claim

2

that his trial counsel was ineffective for failing to raise entrapment defense); R. 166: Opinion and Order at 2-3 (adopting recommended disposition); R. 175: Order at 3 (denying motion for certificate of appealability).] Barnett is bound by this Court's decision rejecting his arguments. *See United States v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").

    Respectfully submitted,

    CARLTON S. SHIER IV
    ACTING UNITED STATES ATTORNEY

By:    s/ John Patrick Grant
    Assistant United States Attorney
    260 W. Vine Street, Suite 300
    Lexington, Kentucky 40507-1612
    (859) 685-4904
    FAX (859) 233-2658
    John.Patrick.Grant@usdoj.gov

## CERTIFICATE OF SERVICE

On March 20, 2017, I electronically filed this response through the ECF system, and I mailed this response to:

    Robert Herald Barnett
    Reg. No. 12989-032
    Federal Correctional Institution
    P.O. Box 350
    Beaver WV 25813
    *Pro Se Defendant*

    s/ John Patrick Grant
    Assistant United States Attorney