```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Case No. |
| Plaintiff-Respondent, ) | 5:09-cr-67-JMH-MAS-1 |
| ) | |
| v. ) | Civil Case No. |
| ) | 5:19-cv-372-JMH-MAS |
| ROBERT HERALD BARNETT, ) | |
| ) | |
| Defendant-Petitioner. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |

\*\*\*

This matter is before the Court in light of Magistrate Judge Matthew A. Stinnett's report and recommendation [DE 220] granting Defendant Robert Herald Barnett's ("Barnett") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 [DE 211]. Barnett filed a timely objection to the report and recommendation, [DE 222], making the petition ripe for review by this Court.

Having considered the matter de novo, the Court adopts Magistrate Judge Stinnett's recommendation as its own. As such, the Court accepts and adopts the report and recommendation of Magistrate Judge Stinnett [DE 220] in its entirety and Barnett's petition [DE 211] is granted.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Barnett is an inmate at the Federal Medical Center in Lexington, Kentucky. [DE 211]. After a jury trial in 2010,

Barnett was convicted of two counts of murder-for-hire (Counts 1 and 2) and one count of using firearms during and in relation to crimes of violence (Count 4), in addition to five other counts not at issue here. [DEs 24, 49]. Senior Judge Karl S. Forester sentenced Barnett to concurrent terms of 120 months (on Counts 1-3, 5, 7-8) and 60 months (on Count 6), and a consecutive term of 360 months on Count 4. [DE 58].

At the time of Barnett's conviction in 2010, the two counts of murder-for-hire constituted a "crime of violence" under the residual clause of 18 U.S.C. § 924(c)(3)(B). Since then, however, the U.S. Supreme Court ruled that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. [DE 220 at 1-2]; *see United States v. Davis*, 139 S. Ct. 2319 (2019); *Manners v. United States*, 947 F.3 377, 379 (6th Cir. 2020). As such, murder-for-hire no longer qualifies as a crime of violence to support an enhanced sentence under § 924(c)(1) and (3)(B). *Davis*, 139 S. Ct. at 2324.[1]

Given the Court's decision in *Davis*, Barnett filed the instant § 2255 motion. [DE 211]. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Stinnett reviewed Barnett's motion and submitted a report and recommendation. [DE 220]. Specifically, the Magistrate Judge recommends that

---

[1] The Court expresses no opinion as to whether Barnett's conduct would qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

Barnett's petition be granted in light of *Davis*; that Barnett's conviction on Count 4 be vacated; and that this matter be scheduled for resentencing. [DE 220 at 2]. Although it recommending the requested relief be granted, Barnett timely filed an objection to the Magistrate Judge's report, which the Court now considers.

## II. STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights ...."). To be entitled to habeas relief under his 28 U.S.C. § 2255 claims, Barnett must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

In particular, "[t]o prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F.App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)).

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

Further, since plaintiff proceeds *pro se*, his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

### III. DISCUSSION

Barnett timely filed an objection to the Magistrate Judge's report and recommendation; however, it is unclear what relevance his objections have regarding the merits of his petition. To be sure, the Magistrate Judge agreed with Barnett and recommended that his § 2255 motion be granted. [DE 220]. This position was also shared by the Respondent United States. [DE 218]. In fact, Barnett begins his objection by acknowledging that he "agrees with the Magistrate Judge's determination that only Count 4 of

4

the indictment be vacated." [DE 222 at 1]. Ultimately, the Court agrees that Barnett's § 2255 motion should be granted and his conviction on Count 4 vacated as a result of *Davis*.

Although Barnett's objection is difficult to follow, he is essentially concerned about how his resentencing will result-- that is, the possibility of being resentenced on the remaining counts consecutively, rather than concurrently. [*Id.*]. However, that issue is not before the Court at this time. Moreover, these questions are best reserved for consideration at a resentencing hearing in the presence of Barnett. The Sixth Circuit has held that resentencing as a result of a successful § 2255 motion must be conducted during a formal sentencing hearing, this Court agrees. *See United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019); Fed. R. Crim. P. 43(a)(3).

Accordingly, **IT IS ORDERED** as follows:

1)   Magistrate Judge Stinnett's Report and Recommendation [DE 220], be, and the same hereby is, **ADOPTED** as the Opinion of the Court;

2)   Defendant Barnett's Motion to Vacate, Set Aside, or Correct a Sentence [DE 211], is **GRANTED**;

3)   Defendant Barnett's Motion to Vacate [DE 208] is **DENIED AS MOOT**;

4)   Defendant Barnett's conviction on Count 4 in the Superseding Indictment [DEs 24, 49] is **VACATED**; and

5

5) Defendant Barnett's resentencing **SHALL** be scheduled by subsequent order.

This the 26th day of May, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge