UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Crim. No. 5:09-cr-67-KKC-CJS |
| | Civ. No. 5:22-cv-232-KKC-CJS |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **ROBERT HERALD BARNETT,** | |
| Defendants. | |

*******************

This matter is before the Court on Defendant Robert Barnett's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (DE 272.) The magistrate judge found that Barnett's claim is time barred, and Barnett did not sufficiently show cause why his § 2255 motion should not be denied as untimely filed. (DE 286.) Accordingly, the magistrate judge recommended the Court deny Barnett's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Barnett filed timely objections to the magistrate judge's recommendation. (DE 288.) The Court has reviewed the recommendation and agrees with its analysis, but now turns to address Barnett's objections.

Barnett urges the Court to consider equitable tolling to excuse his motion being filed 5 days past the 1-year limitation to file a § 2255 motion. The Sixth Circuit has

held that to be entitled to equitable tolling, a § 2255 movant must show "(1) that he has been pursuing his rights diligently," *and* (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)) (emphasis added). The magistrate judge found that Barnett had been pursuing his rights diligently but did not show the existence of any extraordinary circumstances preventing timely filing.

In his objection, Barnett again does not raise any alleged extraordinary circumstances that the magistrate judge did not already consider, but rather argues the substance of his § 2255 motion. Since the 1-year § 2255 limitations period is a firm deadline and failure to abide by the limitation is fatal to a federal prisoner's pursuit of § 2255 relief, the Court will not address Barnett's substantive arguments. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations [on the filing of a habeas case] by even a single day."); *Tucker v. United States*, Nos. 3:06-cv-282, 3:03-cr-88, 2006 WL 2323252, at *1 (E.D. Tenn. 2006) (citing *Jurado* in support of finding that a 28 U.S.C. § 2255 motion filed one day late was barred as untimely). Accordingly, since Barnett has not presented any sufficient extraordinary circumstances, his motion will not be equitably tolled, and his § 2255 claim is time-barred.

For the reasons discussed above, the Court hereby ORDERS as follows:

1) The Report and Recommendation (DE 286) is ADOPTED; and

2) Defendant's motion to vacate, set aside, or correct sentence (DE 272) is DENIED.

This 2nd day of October, 2023.