UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 09-67-KKC-CJS |
| ) | Civil Action No. 22-232-KKC-CJS |
| v. ) | |
| ) | |
| ROBERT HERALD BARNETT, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The United States Court of Appeals for the Sixth Circuit remanded this action to this Court for consideration of the merits of the claims presented in Defendant Robert Herald Barnett's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (R. 303; *see also* R. 272). Pursuant to local practice, this matter has been referred to the undersigned for the preparation of a Report and Recommendation under 28 U.S.C. § 636(b). For the reasons set forth below, it will be recommended that Barnett's § 2255 Motion **be granted**.

I.   **FACTUAL AND PROCEDURAL HISTORY**

The Sixth Circuit has succinctly described the factual and procedural history of Barnett's case as follows:

> In 2010, a jury convicted Barnett of, among other things, two counts of murder-for-hire, in violation of 18 U.S.C. § 1958(a) (Counts 1 and 2); and several firearm offenses, including using and carrying a machine gun during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1) (Count 4). The district court sentenced him to 480 months of imprisonment, and [the Sixth Circuit] affirmed. *United States v. Barnett*, No. 10-6268, slip op. at 5 (6th Cir. June 29, 2012). In 2013, Barnett filed a § 2255 motion to vacate his sentence, which the district court denied. In 2020, the district court vacated Barnett's Count 4 conviction and reduced his sentence to 262 months of imprisonment. That sentence included consecutive terms of 120 months of imprisonment on Counts 1 and 2. [The Sixth Circuit]

affirmed. *United States v. Barnett*, No. 20-6147, slip op. at 6 (6th Cir. Feb. 17, 2021).

> Barnett then moved for authorization to file a second or successive § 2255 motion. [The Sixth Circuit] denied the motion as unnecessary; because the district court had entered a "new" judgment when it resentenced Barnett in 2020, the § 2255 motion that Barnett sought to file was not a second or successive one. *In re Barnett*, No. 22-5467, slip op. at 3 (6th Cir. Sept. 13, 2022). [The Sixth Circuit] transferred Barnett's motion for authorization "to the district court with instructions to consider the filing as an initial § 2255 motion." *Id.* Barnett's § 2255 motion raised claims of prosecutorial misconduct, ineffective assistance of counsel, and violation of the Ex Post Facto Clause. His subsequent pleadings argued that his two § 1958(a) convictions, and the imposition of consecutive sentences on those convictions, violated his constitutional rights. The district court denied Barnett's § 2255 motion as barred by the one-year statute of limitations, finding that Barnett filed the motion five days late and was not entitled to equitable tolling. [The Sixth Circuit] granted Barnett a certificate of appealability on "Barnett's claim that he is entitled to equitable tolling." *Barnett v. United States*, No. 23-5915, slip op. at 5 (6th Cir. Mar. 1, 2024).

(R. 303 at Page ID 2664-65); *see also Barnett v. United States*, No. 23-5915, 2025 WL 87966, at *1 (6th Cir. Jan. 10, 2025). Upon review,[1] the Sixth Circuit found that Barnett's § 2255 was in fact timely filed and remanded the action to this Court for consideration of the merits of Barnett's § 2255 Motion.[2] (*See* R. 303 at Page ID 2667).

Following remand, the Court directed the Clerk of Court to reinstate Barnett's § 2255 Motion (R. 272), appointed Barnett's appellate counsel to continue to represent Barnett in proceedings related to his § 2255 Motion, and ordered the United States to respond or otherwise

---

[1] The Sixth Circuit granted Barnett's motions for release pending appeal. (R. 302 (entered August 5, 2024)). According to the Bureau of Prisons' Inmate Locator, Barnett has not been in BOP custody since August 6, 2024. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 1, 2025).

[2] In making its timeliness determination, the Sixth Circuit found this Court mis-calculated the date on which the one-year statute of limitations period began to run because that period had been extended for a time during the COVID-19 pandemic. (*See* R. 303 at Page ID 2666). However, none of the parties had presented any arguments regarding that extended period in the proceedings before this Court. (*See, e.g.*, R. 281; R. 282; R. 288; R. 289; R. 303 at Page ID 2666 ("*But as the parties now point out*, the Supreme Court extended the deadline to 150 days during the COVID-19 pandemic." (emphasis added)). To be sure, the Sixth Circuit originally relied on the 90-day deadline as well. (*See* R. 297 at Page ID 2649).

defend the § 2255 Motion. (*See* R. 305). In its Response, the United States "concedes that Robert Herald Barnett's prior attorney provided ineffective assistance during Barnett's 2020 resentencing hearing" and submits that "this Court should grant Barnett's motion to vacate under 28 U.S.C. § 2255 and should resentence[] him to time served." (R. 306 at Page ID 2673). Barnett's appointed counsel filed a Reply, in which "Mr. Barnett agrees with the government's analysis and respectfully requests the same relief." (R. 308 at Page ID 2680). The matter stands submitted for review.

II.   ANALYSIS

   A.   **Legal Standards**

      1.   **The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")**

Under 28 U.S.C. § 2255(a), a federal prisoner may seek relief on grounds that: the sentence violated the Constitution or laws of the United States; the court lacked jurisdiction to impose the sentence; the sentence exceeded the maximum authorized by law; or the sentence is otherwise subject to collateral attack. To succeed on a § 2255 motion alleging constitutional error, a federal prisoner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional error, a federal prisoner "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

Thus, courts have explained that a federal prisoner must allege in his § 2255 motion "as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Importantly, a federal prisoner must prove his allegations by a preponderance of the evidence. *Id.*

### 2. Ineffective Assistance of Counsel

When a defendant claims his attorney was constitutionally ineffective in violation of the Sixth Amendment, the standard from *Strickland v. Washington*, 466 U.S. 668 (1984), guides the Court's review. When assessing an ineffective-assistance-of-counsel claim, the Court must consider "whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. To establish he has been deprived of effective assistance, a defendant must show that counsel's performance was both constitutionally deficient and prejudicial. *See id.* at 687. A court may address the components in either order and does need not to "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

To prove deficient performance, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured "under prevailing professional norms" and "considering all the circumstances." *Id.* at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. When assessing counsel's performance, the Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

4

To prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

**B.      Barnett's Claims**

In these § 2255 proceedings, Barnett has presented multiple claims for relief. (*See* R. 272 (alleging, *inter alia*, prosecutorial misconduct, ineffective assistance of counsel based on a "Massiah violation," and ineffective assistance of counsel based on an Ex Post Facto Clause violation)). However, for the reasons discussed below, the Court finds these proceedings are resolved by consideration of Barnett's ineffective assistance claim relating to his 2020 resentencing; it therefore is not necessary to reach Barnett's other claims. *See Lopez v. Gansheimer*, No. 1:11-CV-2534, 2012 WL 5052174, at *5 n.5 (N.D. Ohio Sept. 21, 2012), *report and recommendation adopted*, No. 1:11-CV-2534, 2012 WL 5038338 (N.D. Ohio Oct. 18, 2012) ("Although Petitioner has asserted six grounds for relief, this case is resolved upon consideration of Petitioner's second ground for relief. Accordingly, it is not necessary for the Court to address Petitioner's other grounds for relief.").

In this context, Barnett argues that his "attorney was ineffective during his 2020 resentencing hearing because he failed to object to the consecutive ten-year sentences imposed for Counts 1 and 2." (R. 308 at Page ID 2683). Notably, the United States agrees with Barnett. (*See* R. 306). Indeed, the Government makes the following assessment:

> This Court should grant Barnett's § 2255 motion. As the Sixth Circuit explained when issuing the certificate of appealability, "Barnett has compellingly argued that

5

> he has been incorrectly double-charged with murder-for-hire" because the jury convicted him on two counts under § 1958(a) "based on the same underlying plot to murder a single individual; the distinction between the charges was only that one was based on Barnett making a phone call and the other was based on Barnett causing a person to travel across state lines." [R. 297: Order at 2650 (citing, e.g., *United States v. Wynn*, 987 F.2d 354, 359 (6th Cir. 1993) (holding that unit of prosecution for § 1958(a) is "plan to murder one individual")).] Thus, Barnett's prior attorney was ineffective during the 2020 resentencing hearing by failing to object to the consecutive sentences for Counts 1 and 2, and Barnett was prejudiced because he improperly received "an additional ten years' imprisonment" for his conviction of "multiplicitous murder-for-hire counts." [*Id.* at 2650 & n.1.] Accordingly, this Court should vacate Count 2, and Barnett is entitled to be resentenced.

(*Id.* at Page ID 2676).

The Court agrees with the parties (and with the Sixth Circuit): Barnett's counsel provided ineffective assistance of counsel at Barnett's resentencing in 2020. In its Order granting Barnett's motion for a certificate of appealability, the Sixth Circuit explained the black letter law: "Where an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." (R. 297 at Page ID 2650 (quoting *United States v. Richards*, 659 F.3d 527, 547 (6th Cir. 2011)). And in the context of 18 U.S.C. § 1958(a), the Sixth Circuit "has held that the unit of prosecution is the 'plan to murder one individual.'" (*Id.* at Page ID 2650 (quoting *Wynn*, 987 F.2d at 359)).

In this case, Barnett was convicted of two § 1958(a) counts that related to the same unit of prosecution, meaning he was incorrectly double-charged and sentenced to an additional ten years in prison. (*See id.*) And, because Barnett's counsel failed "to identify these fundamental issues," he provided deficient performance, by which Barnett was prejudiced. (*Id.* at Page ID 2650 n.1). It will therefore be recommended that Barnett's § 2255 Motion be granted as satisfying the *Strickland* standard.

Further, the Court concurs with the relief proposed by the parties: an Amended Judgment be entered resentencing Barnett to time served.  (*See* R. 306 at Page ID 2676 ("Based on the statutory sentencing factors of 18 U.S.C. § 3553(a), the United States requests that this Court enter an amended judgment reducing Barnett's imprisonment sentence to time served with no changes to his existing three-year term and conditions of supervised release."); R. 308 at Page ID 2683 ("Mr. Barnett also agrees with the government's analysis under 18 U.S.C. § 3553(a) and its request 'that this Court enter an amended judgment reducing [his] imprisonment sentence to time served with no changes to his existing three-year term and conditions of supervised release.'")).  And, as the United States explains: "Plenary resentencing is unnecessary because, when a district court modifies a sentence, 'the defendant's presence is not required, so long as the modification does not make the sentence more onerous.'"  (R. 306 at Page ID 2677 (quoting *United States v. Denne*, No. 93-3080, at *2 (6th Cir. Apr. 29, 1994) (per curiam) (citing cases)).  It will therefore be recommended that the Amended Judgment (R. 239) be vacated as to Count 2, that (another) Amended Judgment be entered, and that Barnett be resentenced to time served with no changes to his existing term and conditions of supervised release.

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons set forth herein, **IT IS RECOMMENDED** as follows:

1)   Defendant Barnett's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 272) **be granted**; and

2)   The Amended Judgment (R. 239) **be vacated** as to Count 2, that (another) Amended Judgment be entered, and that Barnett be resentenced to time served with no changes to his existing term and conditions of supervised release.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and the Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 31st day of July, 2025.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\2255 IAC\09-67-KKC Barnett R&R to grant.docx