UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>v.<br><br>ROBERT HERALD BARNETT<br>    Defendant. | CASE NO. 5:09-CR-67-KKC-CJS-1<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Robert Herald Barnett's Motion for Early Termination of Supervised Release (DE 313). For the following reasons, the Defendant's Motion (DE 313) is DENIED.

## I. BACKGROUND

The procedural history of Barnett's case is lengthy. In 2010, a jury convicted Barnett of two counts of murder-for-hire; transfer of a firearm for use in a crime of violence; use and carry of a machinegun during and in relation to a crime of violence; unlawful possession of a machinegun; possession a firearm with an obliterated serial number; possession of an unregistered firearm; and obstruction of justice. (DE 315 at 1–2.)

Barnett was sentenced to 480 months of imprisonment, consisting of concurrent 120-month terms on Counts 1,2,3,5,7,8, and 13, a concurrent term of 60 months on Count 6, and a consecutive term of 360 months on Count 4. (*Id.*) Barnett appealed to the Sixth Circuit but was unsuccessful. *United States v. Barnett*, No. 10-6268, slip op. at 5 (6th Cir. June 29, 2012). In 2013, Barnett filed a § 2255 motion to vacate his sentence, which the district court denied. (DE 315 at 2.)

In 2020, the district court vacated his sentence, which the district court ultimately vacated Count 4 conviction and sentence, reducing his sentence from 480 months to 262 months. (*Id.*) That sentence included consecutive terms of 120 months of imprisonment on Counts 1 and 2. (*Id.*) The Sixth Circuit affirmed. *United States v. Barnett*, 20-6147, slip op. at 6 (6th Cir. Feb. 17, 2021). (DE 313 at 1.)

In 2022, Barnett filed a new motion pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective at his 2020 resentencing. (DE 315 at 2.) After the district court denied relief, Barnett appealed once again to the Sixth Circuit. (*Id.*) On August 5, 2024, the Sixth Circuit granted his release pending appeal. (*Id.*) Barnett was released from custody the following day. (*Id.*) In addition to imprisonment for "time served," the district court ordered Barnett to serve concurrent terms of 3 years' supervised release as to all counts of conviction. (*Id.* at 3.) As of now, Barnett has served 13 months of supervised release. (DE 313 at 1.)

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may consider termination of a period of supervised release any time after the expiration of one year of supervised release. The court may do so only after considering certain sentencing factors set forth at 18 U.S.C. § 3553(a), and only if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* Some § 3553(a) factors may be more relevant than others and the law does not require district courts to provide "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). The district court need only "set forth enough to satisfy" the court of appeals that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020) (citation omitted).

The relevant sentencing factors at § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Barnett asks the court to terminate his supervised release on the grounds that he has already served 13 months, he has never had any incident reports or drug activity during his incarceration, he served an additional five years in prison due to ineffective assistance of counsel, both he and his wife are experiencing health issues, and he is at a low risk of re-offending. (DE 313 at 3–4.) He contends that continued monitoring would not serve the interest of justice. (Id. at 4.) The Government opposes Barnett's motion, citing the seriousness of the offenses and the continuing need to protect the public. (DE 315 at 5.) Although the

3

Government requests that his motion be denied at this time, it would reconsider its position after Barnett has successfully completed 2 years of supervised release. (*Id.* at 7.)

Considering the relevant factors under 18 U.S.C. § 3553(a), the Court believes that the interest of justice is best served by keeping Barnett on supervised release. Although "exceptionally good behavior" is not required under § 3583(c)(1), it "remains a relevant consideration." *United States v. Hale,* 127 F.4th 638, 642 (6th Cir. 2025). It is commendable that Barnett had good behavior while incarcerated and has no supervised release violations to date. However, Barnett's compliance with the conditions of supervised release does not demonstrate the kind of behavior that would persuade this Court to grant early termination.

Even Barnett's changed circumstances do not justify an early termination of supervised release in this case. Barnett, who is currently 86 years old and in poor health, asserts that he presents a "significantly low risk of reoffending." (DE 313 at 4.) While this may be accurate, the Court accords substantial weight to the need to protect the public in light of the serious and violent nature of Barnett's offenses. Barnett was convicted in 2010 for plotting two murders and for multiple firearm offenses. Ten years later, at Barnett's first resentencing, Judge Hood warned that Barnett has not changed enough to think that "he wouldn't try to go out and do exactly what he did previously, try to hire somebody to kill somebody." (DE 245 at 8.) Judge Hood further observed that "the fact that you're older doesn't mean you still wouldn't do what you did before." (*Id.*) The fact that his age and health have changed does not mean that his culpability, remorse, or capacity to reoffend has.

After considering the relevant 18 U.S.C § 3353(a) factors and the interest of justice, the Court hereby ORDERS that the Defendant's Motion for Early Termination of Supervised Release (DE 313) is DENIED.

This 6th day of November, 2025.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**